UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.:  16-26113-RBR
                                                          Chapter 7
ENDLESS JEWELRY NORTH AND
SOUTH AMERICA, LLC,

    Debtor.
_____/

### TRUSTEE'S MOTION FOR AUTHORITY TO RESOLVE
### AND/OR NEGOTIATE ACCOUNTS RECEIVABLE

Marc P. Barmat, Chapter 7 trustee of the bankruptcy estate of Endless Jewelry North and South America, LLC, ("**Trustee**") pursuant to section 105(a) of the Bankruptcy Code[1], by and through undersigned counsel, files this motion seeking authority from this Court to resolve and/or negotiate accounts receivable of the Debtor without further order from this Court (the "**Motion**"), and in support states:

**FACTUAL BACKGROUND**

1. Endless Jewelry North and South America, LLC (the "**Debtor**") was a charm and collectable bracelet jewelry company, which sold bracelets, necklaces, charms and other jewelry and accessories.  The Debtor sold its products directly and through outside retailers, vendors or independent contractors.

2. According to the Debtor's books and records, there are approximately 217 accounts receivable, with an outstanding balance of $2,531,247.24.  The Debtor did, however, have a liberal return policy for each of the vendors regarding the product it delivered to them.

---

[1] 11 U.S.C.§§ 101, *et seq.*

1

3. The Trustee has sent out demand letters for payment of the alleged receivables to each of the entities in the Debtor's books and records. Several of the entities that have responded to date have stated that they returned the product to the Debtor, or were in the process of returning the product to the Debtor when the Debtor filed for bankruptcy.

4. The returned product or the product the vendors wish to return will result in the estate acquiring additional inventory and the vendor becoming entitled to a corresponding set off. Both of which result in an economic burden to the estate, especially, if any vendors seek to return product after the Trustee conducts an asset sale.

5. In addition, if the Trustee is required to file a corresponding compromise motion for each of the, at least, 217 accounts receivable, the resolutions become economically infeasible. The Trustee may be put into a position to abandon the claims because they burden the estate.

6. Accordingly, the Trustee is seeking authority to exercise his business judgment by resolving and/or negotiating the estate's account receivable claims without further order from this Court.

## BASIS FOR RELIEF

7. The Trustee is obligated to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate *as expeditiously as is compatible with the best interests of parties in interest*." 11 U.S.C. § 704(a)(1) (emphasis added).

8. Section 105(a), reads:

> The *court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title*. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a) (emphasis added).

9. In this case, an order from this Court authorizing the Trustee exercise his business judgment by resolving and/or negotiating all accounts receivable matters without having to prepare and file stipulations and motions on each of the potential 217 claims is appropriate and permits the Trustee to expeditiously recover the greatest amount for the estate and general unsecured creditors.

**WHEREFORE**, the Trustee, Marc P. Barmat, respectfully requests that this Honorable Court enter an order: (i) granting this Motion; (ii) granting the Trustee authority to exercise his business judgment by resolving and/or negotiating any and all of the accounts receivable claims of the estate without the necessity of filing stipulations and motions in order to obtain further order of this court; and (iii) granting such other and further relief as this Court deems just and proper. Respectfully submitted this 1st day of February 2017.

> FURR COHEN
> *Attorneys for Trustee*
> 2255 Glades Rd., #337 W
> Boca Raton, Florida 33431
> Phone: (561) 395-0500
> Fax: (561) 338-7532
>
> By: */s/Jason S. Rigoli*
>     Jason S. Rigoli, Esq.
>     Florida Bar. No. 91990
>     E-mail: jrigoli@furrcohen.com