UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

ENDLESS JEWELRY NORTH AND SOUTH AMERICA, LLC,

Debtor.
_______________________________/

Case No.: 16-26113-RBR
Chapter 7

**CHAPTER 7 TRUSTEE'S EXPEDITED MOTION TO: (I) APPROVE SALE OF ACCOUNTS RECEIVABLE, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, PURSUANT TO 11 U.S.C. § 363(B), (F), AND (H); (II) WAIVE 14-DAY STAY UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(H); AND (III) OTHER RELIEF**

Marc P. Barmat (the "Trustee"), as Chapter 7 Trustee for the estate of Endless Jewelry North and South America, LLC, (the "Debtor"), pursuant to 11 U.S.C. §§ 105 and 363 (b), (f), (h), and (m), Rules 2002 and 6004(f) of the Federal Rules of Bankruptcy Procedure, and Local Rules 2002-1 and 6004-1 by and through the undersigned counsel, files this motion approve sale of Accounts Receivable, free and clear of liens, claims, encumbrances, and interests to JNR Adjustments Company, and waive the 14-day stay (the "**Motion**") in support thereof states as follows:

**STATEMENT OF EXIGENT CIRCUMSTANCES**

1. The value of the Accounts Receivable is diminished by the lapse of time. The Proposed Purchaser has offered to purchase the Accounts Receivable and requested that the Accounts Receivable be delivered by June 30, 2017. The exigency exists due to diminishing value of this asset and the request of the Proposed Purchaser. Accordingly, the Trustee respectfully requests that a hearing on this motion be held on the Court's **June 27, 28, or 29th Hearing**

**Calendar.**

2. The Trustee respectfully requests that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a bona fide effort was made to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

## SUMMARY OF RELIEF REQUESTED

3. The Trustee proposes a sale of the Debtor's Accounts Receivable in the amount of **$35,000.00**, subject to higher and better offers, to JNR Adjustments Company ("**Proposed Purchaser**").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

5. On December 2, 2016 ("Petition Date"), the above-listed Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (as amended, "Bankruptcy Code"), which case is pending before the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court").

6. Marc P. Barmat is the duly appointed and acting Chapter 7 trustee.

7. On March 8, 2017, the § 341 Meeting of Creditors was held and concluded.[1]

1The § 341 Meeting of Creditors was originally scheduled for January 4, 2017 [ECF No. 2]. On December 20, 2016, the Court granted the Debtor an extension of time to file its schedules and statements, through December 27, 2016. On January 3, 2017, the schedules had not been filed and the Trustee continued the § 341 Meeting of Creditors to

8. In Schedule B filed in this case, certain accounts receivable were listed as an asset of the Debtor and this estate. A schedule of the accounts receivable is attached as Schedule A (the "Accounts Receivable") to the Purchase and Assignment Agreement (the "Proposed Purchaser APA") attached hereto as Exhibit "A." The Trustee wishes to sell the Accounts Receivable for the benefit of the estate.

9. The statutory predicates for the relief requested in this Motion are sections 105(a) and 363 of the Bankruptcy Code.

10. By this Motion, the Trustee is seeking the entry of an Order, pursuant to Sections 363(b)(1) and (f) of the Bankruptcy Code, approving the sale of the Accounts Receivable to Proposed Purchaser, pursuant to the Proposed Purchaser APA. The proposed sale is outside the ordinary course of business, and subject to higher and better offers. Proposed Purchaser is not an insider of the Debtor or affiliated with the Debtor.

11. The proposed sale to Proposed Purchaser is in the amount thirty-five thousand dollars ($35,000.00), subject to higher and better offers. The terms and conditions of the sale are more particularly set forth in the Proposed Purchaser APA.

## SALE PROCESS AND BIDDING PROCEDURES

12. The Trustee believes that a sale of the Accounts Receivable is in the best interest of the estates and creditors.

---

January 9, 2017 [ECF No. 24]. The next day the case was dismissed because of the Debtor's failure to file its schedules and statements [ECF No. 25]. Trustee file a motion to vacate and reinstate, which the Court granted [ECF No. 32], and authorized the Trustee to file schedules and statement on behalf of the Debtor. The Meeting of creditors was rescheduled for February 14, 2017 [ECF No. 33]. No representative appeared at the February 14, 2017, § 341 Meeting of Creditors, and the Trustee continued the meeting to March 8, 2017 [ECF No. 63], and had an order entered by the Court compelling the attendance of Howard Clarke, the individual responsible for filing the bankruptcy petition of the Debtor.

13. As evidenced by the Proposed Purchaser APA, Proposed Purchaser is willing to purchase the Accounts Receivable by way of a cash sale in the amount of $35,000.

14. The proposed sale of the Accounts Receivable is subject to higher and better offers up until the time of the hearing on this Motion. Should the Trustee receive any such higher and better offer, the Trustee will request the Court to conduct an auction at the time of the hearing on this Motion, subject to the following bidding procedures (collectively, "**Bidding Procedures**"):

> (i) **Qualified Bid:** A qualified bid must be bid submitted to counsel for the Trustee **by 5:00 p.m. (prevailing eastern time ) one (1) day** prior to the hearing on this Motion in the minimum amount of **$36,000.00** ("Initial Overbid Amount"), accompanied with a deposit in the amount of $5,000 and an executed asset purchase agreement in substantially the same form as the Proposed Purchaser APA, together with a redlined copy of such definitive purchase documents marked against the Proposed Purchaser APA. ("Qualified Bid") (Any party submitting a Qualified Bid and meeting the other requirements set forth herein shall be a "Qualified Bidder)". Proposed Purchaser is deemed a Qualified Bidder. No Qualified Bid shall be contingent upon financing or due diligence necessary to its consummation and each Qualified Bid must be payable in Cash.
>
> (ii) **Deposit:** The deposit ("Deposit") shall be in cash, cashier's check, or certified check ("Cash") in the amount of no less than Five Thousand and 00/100 Dollars ($5,000.00) for the benefit of the estate, payable to "*Marc P. Barmat, Trustee*," which must be received by Jason S. Rigoli, Esq., Furr Cohen, 2255 Glades Rd., Suite 337W, Boca Raton, FL 33431. Deposits will be held in escrow by the Trustee and will be returned to such bidder (if such bidder's bid is not either the Successful Bidder or Backup Bidder (as such terms are defined herein) within ten (10) business days following the entry of the Sales Order (as defined herein). Any Qualified Bidder shall also provide to Trustee full disclosure of each entity that will be participating in such bid in order to satisfy the requirements enumerated in sections 363(m), 363(n), 365(b) and 365(f)(2) of the Bankruptcy Code.
>
> (iii) **"As is, Where is":** The Accounts Receivable shall be transferred on an "as is" and "where is" basis.

(iv) **<u>Bidding Increments:</u>** The bidding at the Auction shall start in the amount of the highest and best Qualified Bid as disclosed by the Trustee to all bidders prior to commencement of the Auction. Qualified Bidders shall be permitted to submit and raise their bids until all Qualified Bidders cease bidding and raising their bids. Each competing bid must be in increments of at least **$1,000** greater than the immediately preceding competing bid and each competing bid must be payable in Cash.

(v) **<u>Modifications</u>**: All bids subsequent to the Initial Overbid Amount, whether oral or written, shall be deemed to constitute valid modifications or amendments to the signed contract previously provided by such bidder.

(vi) **<u>Successful Bidder</u>**: At the conclusion of all bidding, the Court shall select the party who has submitted the highest or otherwise best offer to purchase the Accounts Receivable (or any portion thereof) ("Successful Bidder") and the party who has submitted the second highest or otherwise best offer to purchase the Assets (or any portion thereof) ("Backup Bidder").

(vii) **<u>Bid Expiration Date</u>**: All bids shall remain open and irrevocable until ten (10) business days following the entry of the Sales Order and Rejection Order (as defined herein).

(viii) **<u>Bankruptcy Court Approval:</u>** **ANY SALE IS SUBJECT TO APPROVAL OF THE BANKRUPTCY COURT**. Upon conclusion of the Auction, the Trustee shall submit a proposed order to the Court, authorizing and approving the transactions contemplated by the Successful Bidder Purchase Agreement ("Sales Order").

(ix) **<u>Default</u>**: In the event the Successful Bidder fails to close the Sale, it will forfeit its Deposit and the Accounts Receivable shall be sold to the Backup Bidder that submitted the next highest and best bid, without any representations or warranties.

(x) **<u>Free and Clear</u>**: The sale shall be free and clear of all liens and encumbrances and any valid liens shall attach to the net sale proceeds, pursuant to Section 363(f).

(xi) **<u>Closing</u>**: Except as otherwise agreed to by the

> Trustee, the closing of the sale of the Accounts Receivable ("Closing") shall take place at the law offices of Furr Cohen, 2255 Glades Rd., #337W, Boca Raton, FL 33431.

15. The Trustee submits that the Bidding Procedures described above are fair, reasonable and calculated to maximize the value of the Accounts Receivable and create a competitive sale environment.

**POTENTIAL LIENS, CLAIMS, ENCUMBRANCES, OR INTERESTS IN ACCOUNTS RECEIVABLE**

16. The Trustee is not aware of any possible liens, claims, encumbrances or interests in the Accounts Receivable.

## RELIEF REQUESTED

### I. SALE OF ACCOUNTS RECEIVABLE

#### a. LEGAL BASIS TO APPROVE SALE FREE AND CLEAR

17. The Trustee seeks approval and authorization from this Court to sell "free and clear" of any claims, interests, encumbrances, the Accounts Receivable.

18. This Court has statutory authority to authorize the sale of the Accounts Receivable free and clear of liens, claims, and encumbrances pursuant to section 363(f) of the Bankruptcy Code. The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if--

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or

> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 365(f)(5); *In re Bryan*, 2013 WL4716194, *1 (Bankr. M.D.Ala. 2013) ("Pursuant to 11 U.S.C. § 363(f) the trustee may sell property of the estate 'free and clear of any interest in such property of an entity other than the estate,' provided any one of the five disjunctive conditions are satisfied…") (emphasis added).

19. Section 363(b)(1) of the Bankruptcy Code authorizes a Trustee to "use, sell, or lease, other than in the ordinary course of business, property of the estate" after notice and a hearing. 11 U.S.C. §§363(b)(1), 704(a)(1). The standard applicable to a motion under Section 363(b)(1) of the Bankruptcy Code is whether the proposed sale serves a sound business purpose. *In re BDK Health Management*, 1998 WL 34188241, *5 (Bankr. M.D.Fla. 1998). Courts have held that the business judgment standard is satisfied where: (1) [there is no] improper or bad faith motive, (2) price is fair and the negotiations or bidding occurred at arm's length, (3) adequate procedure, including proper exposure to the market and accurate and reasonable notice to all parties in interest. *In re Gulf States Steel Inc. of Alabama*, 285 B.R. 497, 514 (Bankr. N.D.Ala. 2002). In this instance, each of the factors are met.

20. Subject to the terms and conditions of the Proposed Purchaser APA, the Trustee, in the sound exercise of his business judgment, has concluded that consummation of the Sale to the Proposed Purchaser (or to the highest and best bidder) will best maximize the value of the estate for the benefit of creditors.

21. To date, the purchase price offered by the Proposed Purchaser is the highest and best offer for the Accounts Receivable. To ensure the highest possible recovery for the estate, the Trustee has required that its obligation to proceed under the Proposed Purchaser APA be subject

to the receipt of higher and better offers as set forth in the Bidding Procedures above. Accordingly, the Trustee respectfully asserts that ample business justification exists for the Sale.

22. Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee will sell the Accounts Receivable free and clear of all liens, claims, interests and encumbrances.

**b. GOOD FAITH PURCHASER**

23. The Proposed Purchaser and the Trustee have negotiated the Proposed Purchaser APA and the transactions contemplated thereby in good faith. The Debtor requests that the Sale Order find that the Proposed Purchaser is a good-faith purchaser entitled to the protections of 11 U.S.C. § 363(m). The Debtor further requests that, after the Sale Hearing and provided that the Debtor does not deem any other Qualified Bids to be higher or better than the Qualified Bid of the Proposed Purchaser, this Court enter the Sale Order authorizing and approving the Proposed Purchaser APA and the Debtor's execution of, entry into and consummation of the Proposed Purchaser APA.

**c. NOTICE**

24. The Trustee submits that notice to interested parties, creditors, and potential purchasers satisfies the requirements of the Bankruptcy Code, pursuant to Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 and any and all Court orders establishing Notice and Motion Procedures.

**d. WAIVER OF STAY**

25. Finally, given the Trustee's and the Proposed Purchaser's interest in proceeding expeditiously, the Trustee requests that the Court waive the fourteen-day stay of the effectiveness of the Sale Order consistent with Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

**e. <u>OBJECTIONS</u>**

26. Because of the expedited fashion of this Motion, any and all objections to the proposed sale or bidding procedures, if any, may be in writing and filed with the Clerk, United States Bankruptcy Court, Federal Building, 299 E. Broward Blvd., Room 112, Fort Lauderdale, FL 33301 and must serve a copy on the Trustee, Marc P. Barmat, c/o Jason S. Rigoli, Esq., 2255 Glades Road, Suite 337W, Boca Raton, Florida 33431, via e-mail to jrigoli@furrcohen.com and rrivera@furrcohen.com not later than 5:00 p.m. the day prior to the scheduled hearing, pursuant to Rule 6004(b) of the Federal Rules of Bankruptcy Procedure.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court enter an order: (i) granting this Motion; (ii) approving the sale of the Accounts Receivable outside the ordinary course of business, free and clear of all liens and encumbrances, subject to higher and better offers; (iii) authorizing the Trustee to execute any and all documents necessary to facilitate the closing of the proposed Sale; (iv) waiving the 14-day stay under Rule 6004(h) of the Federal Rules of Bankruptcy Procedure; and (v) for such other and further relief as is just and proper.

Respectfully submitted this 26th day of June 2017.

FURR COHEN
*Attorneys for Trustee*
2255 Glades Road, Suite 337W
Boca Raton, Florida 33431
(561) 395-0500
(561) 338-7532 - facsimile

By: s/*Jason S. Rigoli*
Jason S. Rigoli
Florida Bar No: 91990
E-mail: jrigoli@furrcohen.com

PURCHASE AND ASSIGNMENT AGREEMENT
(Accounts Receivable)

THIS PURCHASE AND ASSIGNMENT AGREEMENT ("Agreement") is made by and between JNR Adjustment Company, a Minnesota Corporation ("Purchaser"), and Marc P. Barmat, Chapter 7 Trustee for the Estate of Endless Jewelry North and South America, LLC ("Seller").

WITNESSETH:

WHEREAS, on December 2, 2016 (the "Petition Date"), Endless Jewelry North and South America, LLC ("Debtor") commenced a voluntary case under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"), Case No. 16-26113-RBR ("Bankruptcy Case") and Seller was appointed Trustee thereof;

WHEREAS, the Purchaser acknowledges that, pursuant to Section 363 of the Bankruptcy Code, the sale contemplated herein may be subject to higher and better offers pursuant to an order to be entered by the Bankruptcy Court (the "Sale Order");

WHEREAS, the Debtor scheduled accounts receivable in its Bankruptcy Schedules which are identified on Schedule A attached hereto and made a part hereof (the "Accounts Receivable");

WHEREAS, Purchaser desires to purchase the Seller's right, title, and interest in the Accounts Receivable free and clear of all liens, claims, encumbrances, and interests pursuant to §363(f) of the Bankruptcy Code from the Seller; and Seller desires to sell, assign, transfer, convey and deliver to Purchaser the Seller's right, title, and interest in the Accounts Receivable in the manner and subject to the terms and conditions set forth in this Agreement and any final Sale Order and in accordance with sections 105, 363, 365 and all other applicable provisions of the Bankruptcy Code;

NOW, THEREFORE, in consideration of the mutual representations, warranties, covenants and agreements herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1. Assignment and Acceptance. Seller hereby sells, assigns, transfers, and conveys to the Purchaser all the Seller's right, title, and interest in, to, and under the Accounts Receivable and all proceeds therefrom. Purchaser hereby accepts the sale, assignment, transfer, and conveyance of the Seller's right, title, and interest in, to, and under the Accounts Receivable. Seller covenants and agrees that it shall take such actions (including, but not limited to, the execution and delivery upon demand, from time to time, of further instrument(s) or document(s) as requested by Purchaser) which are reasonably necessary to effect the sale and assignment to Purchaser of the Accounts Receivable. It is the intention of the parties hereto that the provisions of this Agreement constitute the purchase and sale of all of Seller's right, title, and interest in and to the Accounts Receivable, and not a loan secured by the Accounts Receivable.



EXHIBIT
A

2. Purchase Price. As payment in full for the Accounts Receivable being sold and assigned hereby, Purchaser shall pay to Seller the amount of Thirty-Five Thousand Dollars ($35,000.00), payable by check, cashier's check, or attorney trust account check upon execution of this Agreement.

3. "As is, Where is," No Representations, Warranties, or Recourse.

3.1 Except as expressly provided herein or in the Sale Order approving this Agreement, the Purchaser agrees and acknowledges that all transfers of the Accounts Receivable are "AS IS" and "WHERE AS", and acknowledges and agrees that the sale and assignment of the Accounts Receivable is without recourse and without any representation or warranty of any nature. The Seller makes no representation of any kind whatsoever with respect to the Accounts Receivable or otherwise, express or implied, including but not limited to any representation or warranty regarding the title or condition of the Accounts Receivable, or the collectability, the current or future tax liability, assessment or valuation of any of the Accounts Receivable, the compliance with applicable laws of the Accounts Receivable. The Buyer further acknowledges and represents that it has reviewed and inspected the Accounts Receivable, has had the opportunity to inspect the public filing records, and enters into this Agreement after independent investigation of the facts and circumstances relating to the Accounts Receivable, the transactions described herein.

4. Representations and Warranties of Purchaser.

4.1 Organization and Authority of Purchaser. Purchaser is a limited liability company duly organized, validly existing and in good standing under the laws of the State of Minnesota Purchaser has all necessary power and authority to own, lease and operate its properties and conduct its business as it is currently being conducted.

4.2 Power and Authority; Due Authorization. Purchaser has full power and authority to execute and deliver this Agreement and to consummate the transactions contemplated hereby. Purchaser has duly approved and authorized the execution and delivery of this Agreement and the consummation of the transactions contemplated hereby, and no other proceedings shall then be necessary.

5. Miscellaneous.

5.1 Severability. If any provision of this Agreement is prohibited by the laws of any jurisdiction as those laws apply to this Agreement, that provision shall be ineffective to the extent of such prohibition and/or shall be modified to conform with such laws, without invalidating the remaining provisions hereto.

5.2 Modification. This Agreement may not be changed or modified except in writing specifically referring to this Agreement and signed by each of the parties hereto.

5.3 Binding Effect. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors and permitted assigns.

5.4 Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

5.5 Notices. Any notices required by this Mediated Settlement Agreement must be given either in writing by U.S. Mail or email to the Parties as follows:

If to Seller:

Marc P. Barmat, Trustee
c/o Jason S. Rigoli, Esq
Furr Cohen
2255 Glades Road, #337W
Boca Raton, FL 33431
Telephone: (561) 395-0500
e-mail: jrigoli@furrcohen.com

If to Purchaser:

JNR Adjustments Company
Robert J Nielsen
Vice President / Bankruptcy & Liquidation
Robert.Nielsen@jnrcollects.com
3300 Fernbrook Lane Suite 225
Plymouth, Mn 55447
(763)398-2098, Direct
(800) 279-2567, Ext. 127
Cell 612-508-6387

5.6 Governing Law and Submission to Jurisdiction. This Agreement shall be governed by and construed under the laws of the State of Florida without giving effect to otherwise applicable principles of conflicts of laws.

5.7 Entire Agreement; No Third Party Beneficiaries. This Agreement, together with the Exhibits and Schedules attached hereto, constitutes the entire agreement and supersedes any and all other prior agreements and undertakings, both written and oral, among the parties, or any of them, with respect to the subject matter hereof and, except as otherwise expressly provided herein, is not intended to confer upon any person other than Seller and Purchaser, any rights or remedies hereunder.

5.8 Construction. As herein used, the singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders, unless the context would clearly not admit such construction. Section or paragraph headings are employed herein solely for convenience of referenced, and such headings shall not be used in construing any term or provision of this Agreement. All references herein to "section" or "paragraph" shall mean the appropriate numbered section or paragraph of this Agreement except where reference is particularly made to some other instrument or document.

5.9 Assignment. The obligations and rights of Seller under this Agreement shall not be assigned or otherwise transferred and any such assignment or transfer in violation hereof shall be void and of no effect. The obligations and rights of Purchaser may be further assigned or transferred by Purchaser, provided that any transferee specifically agrees to be bound by the terms and conditions of this Agreement.

5.10 Conditions Precedent. The parties are aware that this Agreement must be noticed to all creditors and must be approved by the Bankruptcy Court. In the event that it is not approved, this Agreement shall be deemed null and void. The Parties shall request that the Court enter an Order approving this Agreement, and to reserve jurisdiction to enforce the terms and covenants contained herein.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first above written.

PURCHASER:

JNR ADJUSTMENTS COMPANY

By: Robert Nielsen

Print: Robert Nielsen

Tile: V. P.

SELLER:

MARC P. BARMAT, TRUSTEE

By: ______________________
Marc P. Barmat, Chapter 7 Trustee of
Endless Jewelry North and South
America, LLC
Case No. 16-26113-RBR

SCHEDULE A

List of Accounts Receivable

See attached pages.

**Endless Jewelry North and South America, LLC, Case No.: 16-26113-RBR**

**Summary of Accounts Receivable Aging as of December 7, 2016**

| Account | Name |
|---|---|
| 13341 | Aaron's Jewelers |
| 12571 | Adore Jewellery Boutique |
| 13321 | Adorn Me |
| 11658 | Alberto & Co |
| 11338 | Alberts Jewelers |
| 13047 | Aljan Jewelers |
| 11680 | Ama |
| 12688 | Amber Bryan |
| 11329 | American Candle |
| 12309 | Amy Nadell |
| 13067 | Ann Louise Jewellers Bill/Ship |
| 12658 | Arain Jewellers |
| 11794 | Aramis Boutique & Jewelry |
| 12635 | Armand Jewellers |
| 11272 | Avalon Park Jewelers |
| 12660 | Ava's China And Gifts |
| 12157 | B & C Jewelers |
| 11171 | B & L Jewelers |
| 11832 | B and A Jewelers |
| 12776 | Barrington Books |
| 11222 | Bartons Jewelers |
| 12807 | Bejeweled |
| 11513 | Belle Jewelers |
| 13306 | Betty Tharpe |
| 12290 | Bij. Champagne et Diamant |
| 12350 | Bijouterie Luxedor- Trois Riv |
| 12051 | Bijouterie Robert Richer |
| 12071 | Bijouterie Secret 2 |
| 13358 | Bijouterie Simard |
| 12047 | Blue Ridge Diamond Center |
| 11700 | Bogarts Jewellers |
| 12127 | Boutique L'aubergine |
| 11460 | Bremer Jewelry |
| 11923 | Brian Michael's Jewelers |
| 11211 | Brooke & Co. Fine Jewelry |
| 11306 | Buttermore Jewelers |
| 11153 | Cambridge Jewelers |
| 11793 | Cape Fear Jewelers |
| 13066 | Carters Jewellers |
| 11253 | Cathy Cook Jewelers 2 |
| 11318 | CDI |
| 12883 | Chandel Jewelers - Lyndhurst |

**Endless Jewelry North and South America, LLC, Case No.: 16-26113-RBR**
**Summary of Accounts Receivable Aging as of December 7, 2016**

| Account | Name |
|---|---|
| 11192 | Charleston Lane |
| 11089 | Charms By The Bay |
| 12377 | Chelsea |
| 13359 | Chicken Coop Treasures |
| 13292 | Coleccion Indigena S.A.S |
| 11761 | Conyers Jewelry |
| 11893 | Cooper's Fine Jewelry |
| 13315 | Countryside Crafts |
| 11184 | Crimson Ridge |
| 11356 | Crown Jewelers |
| 13049 | Curacao - Bill To |
| | Removed as Settled |
| 13305 | Decor En Folie |
| 12103 | Deziel Normand Joallier Inc |
| 11341 | Diamond Cutters of WNY |
| 11141 | Diamonds Direct |
| 11210 | Diamonds R Forever |
| 13079 | Divine Group - Infinity Family |
| 12506 | Dominic Fine Jewelry |
| 13175 | DORON-Masterfranchise GmbH |
| 11062 | Doug Doggett Jewelers |
| 11908 | Edwards-Johns Jewelers |
| 12357 | Elegante Jewelers |
| 12243 | Emerald Isle |
| 12243 | Emerald Isle |
| 12367 | Enderby Jewellers Bill To |
| 12983 | Endless Jewellery Ltd |
| 12342 | Endless Jewelry Europe |
| 12343 | Endless Jewelry Marketing |
| 11412 | Exton Place |
| 11002 | Facet Jewelers |
| 12835 | Fifth Ave Jewellers |
| 12091 | Finch Centre Jewellers |
| 12412 | Gem Jewelry - West Hartford |
| 12613 | Gemani Jewelers- Oranjestad |
| 12003 | Giftology-651 |
| 12004 | Giftology-652 |
| 12005 | Giftology-653 |
| 12006 | Giftology-654 |
| 12007 | Giftology-655 |
| 12008 | Giftology-656 |
| 12009 | Giftology-657 |

**Endless Jewelry North and South America, LLC, Case No.: 16-26113-RBR**

**Summary of Accounts Receivable Aging as of December 7, 2016**

| Account | Name |
|---|---|
| 12010 | Giftology-658 |
| 12011 | Giftology-659 |
| 12012 | Giftology-660 |
| 12013 | Giftology-661 |
| 12014 | Giftology-662 |
| 12015 | Giftology-663 |
| 12016 | Giftology-664 |
| 12017 | Giftology-665 |
| 11352 | Gifts & Things |
| 12864 | Gold House |
| 11573 | Gold Lady Jewelers |
| 12471 | Gracylane - Kent |
| 12631 | Graziella Fine Bill To |
| 12289 | Graziella Jewellers |
| 13312 | Griffin Jewelers - SC |
| 11966 | Hannoush-02 |
| 11976 | Hannoush-04 |
| 11985 | Hannoush-05 |
| 11994 | Hannoush-06 |
| 11967 | Hannoush-08 |
| 11977 | Hannoush-09 |
| 11986 | Hannoush-10 |
| 11995 | Hannoush-11 |
| 11968 | Hannoush-13 |
| 11978 | Hannoush-14 |
| 11987 | Hannoush-15 |
| 11996 | Hannoush-16 |
| 11969 | Hannoush-17 |
| 11970 | Hannoush-24 |
| 11980 | Hannoush-25 |
| 11989 | Hannoush-26 |
| 11998 | Hannoush-27 |
| 11971 | Hannoush-29 |
| 11990 | Hannoush-39 |
| 11999 | Hannoush-41 |
| 11972 | Hannoush-42 |
| 11982 | Hannoush-43 |
| 11991 | Hannoush-46 |
| 12000 | Hannoush-47 |
| 11973 | Hannoush-48 |
| 11983 | Hannoush-49 |
| 11992 | Hannoush-52 |

**Endless Jewelry North and South America, LLC, Case No.: 16-26113-RBR**

**Summary of Accounts Receivable Aging as of December 7, 2016**

| Account | Name |
|---|---|
| 12001 | Hannoush-53 |
| 11974 | Hannoush-54 |
| 11984 | Hannoush-55 |
| 11993 | Hannoush-56 |
| 12002 | Hannoush-60 |
| 11975 | Hannoush-63 |
| 13357 | Harding Brothers Retail |
| 13050 | Helix Global Solutions Bill To |
| 12570 | Inversiones Nagrani |
| 12607 | Irresistible Bill to |
| 12828 | Island Treasures |
| 13058 | Island Treasures - Bill To |
| 11065 | Italics-Montehiedra |
| 13162 | Jewellery Boutique |
| 12391 | Jewelry Warehouse |
| 11881 | JH Faske Jewelers |
| 12245 | JK Schmidt Jewellers |
| 11877 | Jobs Lane Jewelers |
| 12321 | John Hunter |
| 13121 | Joyeria Rafa |
| 12148 | Just Ducky Gift Btq 2 |
| 11323 | Kanrick's Jewelers |
| 12873 | Katie Hilty |
| 12291 | Kavar Jewellers Hamilton |
| 12406 | Kavar Jewellers St. Catharines |
| 11246 | Keys Jewelry |
| 12518 | Kobe Jewelry |
| 12893 | Laura's Flowers |
| 11468 | Lawrence Anthony |
| 11309 | Le Jean's Jewelers |
| 11248 | Leather and Fur Ranch |
| 11883 | Leslie's Jewelry |
| 11522 | Luby |
| 12494 | Major Jewelers- HQ Bill/ShipTo |
| 11640 | Malsons Jewelers |
| 12951 | Manhattan Home |
| 12326 | Marnie Webb |
| 11657 | Mayaa |
| 12773 | Mims Off Main - Bill To |
| 11708 | Mitchell & Jewell |
| 12879 | Mohegan Sun Pocono |
| 12858 | Monica's |

**Endless Jewelry North and South America, LLC, Case No.: 16-26113-RBR**
**Summary of Accounts Receivable Aging as of December 7, 2016**

| Account | Name |
|---|---|
| 11873 | Mosiello & Sons |
| 11860 | New England Gold & Silver |
| 12918 | Nick Greco |
| 11442 | Nuha Jewelers |
| 12072 | Oh Folies |
| 11681 | O'Halloran Fine Jewelry |
| 11709 | Omni Jewelcrafters - Beyond |
| 11014 | Only For Her |
| 11203 | Parkhill Jewelry |
| 12215 | Posh 41 |
| 13332 | Precision Watches Bill To |
| 12126 | Preston Jewellers |
| 11078 | Primero Fine Jewelry |
| 13106 | Protocol 3 |
| 12770 | Raffi Jewellers: Waterloo |
| 11636 | Ray Eldridge Jewelry |
| 12439 | Renaissance Fine Jewelers |
| 12392 | Reubel Fine Jewelers Bill/Ship |
| 12114 | Ryan's Jewelers |
| 11431 | Shelle Jewelers Inc. |
| 11892 | Smith & Smith Jewelers |
| 12081 | Soho Bijoux-Anjou |
| 12077 | Soho Bijoux-Cathedrale |
| 12080 | Soho Bijoux-Pointe Claire |
| 12079 | Soho Bijoux-St.Bruno |
| 12078 | Soho-Bijoux-Laval |
| 12743 | Sparks |
| 11416 | Special Design Jewelry |
| 12105 | Spicer Cole Jewellery |
| 12982 | Spicer Jewellery |
| 13331 | Starboard Trunk Show |
| 12298 | T.H. Burns Jewellers |
| 13362 | The Bird Cage - Bill To |
| 13157 | The General Store of Jefferson |
| 12465 | The Open Armoire Bill To |
| 12425 | The Papery of Summit, Inc. |
| 13311 | The Swanky Shoppe |
| 11074 | Three Sisters |
| 11686 | Tiara Jewelers |
| 12414 | Times Square Watch |
| 12992 | Treasures Jewelers |
| 12413 | Trinity Jewellers |

**Endless Jewelry North and South America, LLC, Case No.: 16-26113-RBR**

**Summary of Accounts Receivable Aging as of December 7, 2016**

| Account | Name |
|---|---|
| 12520 | Twin Jewelers |
| 12330 | Valentino Diaz |
| 12115 | Ware's Jewelers |
| 11324 | Whidby Jewelers |
| 11026 | Wilton Jewelers |
| 12370 | Woodland Jewellers |
| 12104 | Zeke's Quality Jewellers |
| 11707 | Carati |