UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

Case No.: 16-26113-RBR
Chapter 7

ENDLESS JEWELRY NORTH AND SOUTH AMERICA, LLC,

Debtor.
_______________________________________/

**JOINT MOTION BY FORMER OFFICERS AND MANAGERS OF THE DEBTOR FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW REIMBURSEMENT OF DEFENSE COSTS**

Avinash Tiwari and Matthew Carlozzi ("Movants"), by and through their undersigned counsel, and pursuant to 11 U.S.C. §§ 362(d)(1), 541(a), and 105(a) and F.R.B.P. 4001 and Local Rule 4001-1, respectfully request the entry of an order of the Court granting full and complete relief from the automatic stay (the "Motion") for the purpose of the Movants applying to Federal Insurance Company ("FIC") for payment of defense fees and costs associated with the Claims (defined below), and in support thereof state as follows:

**INTRODUCTION**

1. By this Motion, Movants seek relief from the automatic stay, if applicable, in order to pay the past, present and future defense fees and costs of Movants, former officers and managers of the Debtor, Endless Jewelry North and South America, LLC ("Debtor") relating to Claims raised by Marc P. Barmat, the Trustee, against them.

2. Specifically, by letter dated April 12, 2017 sent to FIC and provided to the undersigned and Movants, the Trustee has asserted that the Movants breached their fiduciary duty owed to the Debtor (the "Claims").[1]

3. Although Movants believe that the proceeds of policy number 8241-6648 purchased from FIC with an aggregate liability limit of $1,000,000.00 for officers and managers are not property of the estate, they bring this Motion in an abundance of caution so they can be reimbursed for the fees and cost of defending against the Claims.

**BACKGROUND**

4. On December 2, 2016, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code.

5. Marc P. Barmat is the duly appointed Chapter 7 Trustee.

6. The Debtor has an interest in a Management Liability Insurance Policy written by FIC in favor of the Movants (the "FIC Policy").

7. On April 12, 2017, the Movants received notice of the Claims which may otherwise be covered by the FIC Policy.

8. The FIC Policy issued to the Debtor provides coverage, subject to its terms and conditions, for any "Loss"[2] on account of any "Claim" made against an "Insured Person" *e.g.*, the Movants. A true and correct copy of the FIC Policy is attached hereto and incorporated herein as **Exhibit "A."**

9. Subject to its terms, conditions, endorsements, and exclusions, the FIC Policy provides coverage for the Movants under the "Directors & Officers and Entity Liability

[1] Claims have also been asserted against two other parties associated with the Debtor, Howard Clarke and Ulrik Rasch; however, the undersigned has not been retained to represent their interest in this matter.

[2] Any capitalized terms not defined herein shall have the meanings ascribed to them in the FIC Policy. Any summary of the Policy's provisions set forth herein is merely for the sake of convenience and brevity and should not be construed to substitute for the FIC Policy's explicit terms. In the event of a conflict between the summary of the FIC Policy as herein set forth and the FIC Policy itself, the FIC Policy's explicit terms govern.

Coverage Part" of the FIC Policy for "Loss" for which the Insured Person is not indemnified by the Insured Entity and which the Insured Person becomes legally obligated to pay on account of any Claim first made against the Insured Person, individually or otherwise, during the Policy Period or, if exercised, during the Extended Reporting Period, for a Wrongful Act (as defined in the FIC Policy) committed, attempted, or allegedly committed or attempted by such Insured Person before or during the Policy Period.

10. The FIC Policy provides that it shall be the duty of the Insureds to defend Claims made against them. Defense Costs are part of, and not in addition to, the Limits of Liability.

11. "Loss" is defined by the FIC Policy to include the "amount which an Insured becomes legally obligated to pay as a result of any Claim." The term "Loss" includes compensatory damages, settlements, and "Defense Costs" (Exhibit A, pg. 17 of 40). "Defense Costs" include reasonable costs, charges, and fees "incurred in investigating, defending, opposing or appealing any Claim…." (Exhibit A, pg. 16 of 40).

12. Under the FIC Policy, the payment of "Loss", including Defense Costs, will accordingly reduce the FIC Policy's aggregate limit of liability as the proceeds are devoted to such costs.

13. To date, the Debtor has not indemnified Movants for the Costs of Defense related to the Claims. Since the Trustee stands in the shoes of the Debtor and is asserting the Claims against them, the Movants do not reasonably expect the Trustee to indemnify their Defense Costs.

14. Since the notification of the Claims, the Movants have incurred Costs of Defense/ Defense Expenses and they will continue to incur such costs. The Movants have retained the undersigned counsel, and counsel has incurred Costs of Defense/ Defense Expenses as well.

**LEGAL ARGUMENT**

15. It is the Movant's position that the proceeds from the FIC Policy are not property of the estate. A majority of courts that have addressed the issue have concluded that liability insurance policies fall within the meaning or definition of property under estate under 11 U.S.C. § 541(a)(1). *See, e.g., In re Minoco Group of Companies, LTD,* 799 F 2d 517, 519 (9th Cir. 1996); *A.H. Robbins Co, Inc. v. Piccinin,* 788 F.2d 994, 1001 (4th Cir. 1986); *In re Johns-Manville Corp., et al.*, 40 B.R. 219, 230-31 (S.D.N.Y. 1984). However most courts distinguish liability insurance policies and the actual proceeds payable under those policies when making a determination of which is property of the estate. *See, e.g., In re CHS Elec., Inc.*, 261 B.R. 538, 542 (Bankr. S.D. Fla. 2001) (*citing In re Goodenow*, 157 B.R. 724, 725 (Bankr. D. Me. 1993)). A determination of whether the proceeds of a directors and officers liability insurance policy constitutes property of the estate is, by necessity, a fact based analysis. *See In re CyberMedica, Inc.*, 280 B.R. 12, 15 (Bankr. D. Mass. 2002). "Specifically, where the debtor owns the policies but has no interest in the proceeds, the proceeds are not property of the estate." *CHS Electronics*, 261 B.R. at 542 (*citing In re Edgeworth*, 993 F.2d 51, 56 (5th Cir. 1993); *In re First Central Fin. Corp.*, 238 B.R. 9, 16 (Bankr. E.D.N.Y. 1999)). This analysis, generally hinges upon who is the named insured under the liability insurance policy because liability policies are held by insureds as protection against the claims that may be asserted against them. *See, e.g., Minoco Group,* 799 F 2d at 519; *CHS Electronics*, 280 B.R. at 542 ("The Court must focus on who has rights against the proceeds.").

16. In this instance, the FIC Policy defines an "Insured Person" to mean "any Executive or Employee of an Organization acting either in his or her capacity as such or in an Outside Capacity." (Exhibit A, pg. 16 of 40).

17. Cases addressing the liability insurance proceeds as property of the estate generally provide that, when the policy provides direct coverage to directors and officers, the proceeds of the insurance policy are not property of the bankruptcy estate because the proceeds are payable to the directors and officers and not to the estate. *See In re Louisiana World Exposition, Inc.*, 832 F 2d 1391, 1399 (5th Cir. 1987); *In re Allied Digital Tech. Corp.*, 306 B.R. 505 (Bankr. D. Del. 2004).

18. A review of the FIC Policy shows that Movants maintain indemnification rights against the Debtor. Moreover, the FIC Policy was procured for the benefit of the officers and directors and/or managers of the Debtor – not for Debtor itself. Therefore, the FIC Policy was meant to contribute to the benefit of the Movants-Insureds for liability protection and payment of Defense Costs/ Defense Expenses, and not as a vehicle for corporate protection. *See Youngstown Osteopatheic Hospital Assoc. v. Ventresco (In re Youngstown Osteopathic Hospital Assoc.),* 271 B.R. 544-50 (Bankr. M.D. Ohio 2002) (holding that proceeds of debtor's D&O policy were not property of the estate and payment of proceeds toward defense costs was not violation of the automatic stay); *In re CHS Electronics*, 261 B.R. at 542 (holding that the debtor's estate has no property interest in the proceeds of the subject insurance policy purchased by the debtor for the benefit of directors and officers); *In re First Central Fin. Corp.*, 238 B.R. 9, 18 (Bankr. E.D. Mo. 1999) (holding that proceeds of D&O policy were not property of the estate despite entity coverage provision for direct securities claims against the debtor, which were unlikely to be brought).

19. Moreover, while the Movants assert that stay relief is not required, they seek relief from the automatic stay for "cause" in an abundance of caution and file this Motion for purposes of approving payment of their Costs of Defense from the proceeds of the FIC Policy.

20. Section 362(d) of the Bankruptcy Code provides that the Court may grant relief from the automatic stay on request from a party in interest for "cause." 11 U.S.C. 362(d)(1). Cause is determined on a case-by-case basis and is left to the discretion of the bankruptcy court. *In re Adelphia Comm. Corp.*, 285 B.R. 580, 593 (Bankr. S.D.N.Y. 2002); *vacated and remanded on other grounds*, 298 B.R. 49, 53-4 (S.D.N.Y. 2003). In the present case, "cause" exists for granting relief from the stay in order to permit the proceeds to be applied to defense costs.

21. In *CHS Electronics, Inc.*, 261 B.R. at 543, the policy provided direct coverage to the directors and officers, and the Court found stay relief appropriate for the purpose of paying of defense costs. This Court should apply the same reasoning as in *CHS Electronics*, and grant the Movants stay relief to apply the proceeds of the policies to their Defense Costs. *See also In re Laminate Kingdom, LLC*, 2008 WL 1766637 (Bankr. S.D. Fla. March 13, 2008) *1, *4 (Cristol, J.) (holding that proceeds of D&O were not property of the estate, but if they were that stay should be lifted for "cause."); *Adelphia Communications*, 285 B.R. at 598 (granting relief from stay in order to permit primary insurer to advance defense costs and cautioning that "bankruptcy courts should be wary of impairing the contractual rights of directors and officers even in cases where the policies provide entity coverage"); *In re Boston Reg'l Med. Ctr., Inc.*, 285 B.R. 87 (Bankr. D. Mass. 2002) (granting stay relief to apply D&O policy proceeds to payment of defense costs). In line with the foregoing authorities, this Court, if applicable, should grant the Movants relief from the automatic stay to allow FIC to apply the proceeds of the FIC Policy to the Movants' Costs of Defense.

**WHEREFORE**, the Movants respectfully request an order of the Court granting them, to the extent applicable, full and complete relief from the automatic stay so that the Movants may apply their Defense Costs against the FIC Policy proceeds and in reduction of the FIC Policy and for any other, further relief this Court deems equitable and just.

Date: August 30, 2017

Respectfully submitted,

**AKERMAN LLP**
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301-2229
Phone: (305) 374- 5600
Fax: (305)-374-5095

By: */s/ Luis R. Casas Esq.*
Luis R. Casas, Esq.
Florida Bar No.: 0094222
Email: luis.casasmeyer@akerman.com
and
D. Brett Marks, Esq.
Florida Bar No: 99635
Email: brett.marks@akerman.com

*Attorneys for Avinash Tiwari and Matthew Carlozzi*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on August 30, 2017 via the Court's notice of electronic filing on all CM/ECF registered users entitled to notice in this case and/or via U.S. Mail as indicated on the Service List below.

By: */s/ Luis R. Casas Esq.*
Luis R. Casas, Esq.

**SERVICE LIST**

**Notice will be electronically mailed via CM/ECF to the following:**

**Alan Barbee** abarbee@glassratner.com, abarbee@glassratner.com

**Marc P. Barmat** barmat.trustee@furrcohen.com, mpb@trustesolutions.net

**David C. Cimo** dcimo@gjb-law.com, gjbecf@gjb-law.com

**Marilee A. Mark** mmark@gjb-law.com, gjbecf@gjb-law.com

**Office of the US Trustee** USTPRegion21.MM.ECF@usdoj.gov

**Eric S. Pendergraft** ependergraft@slp.law, dwoodall@slp.law;scusack@slp.law, ematteo@slp.law, bshraibergecfmail@gmail.com

**Timothy M. Reardon** treardon@brouse.com

**Jason S. Rigoli** jrigoli@furrcohen.com, rrivera@furrcohen.com, atty_furrcohen@bluestylus.com

**Jeffrey C. Roth** jeff@rothandscholl.com, christine@rothandscholl.com

**Bradley S. Shraiberg** bss@slp.law, dwoodall@slp.law, scusack@slp.law, blee@slp.law, bshraibergecfmail@gmail.com, ematteo@slp.law

**Notice via U.S. Mail to the following:**

**Matthew Carlozzi**
3740 Fawn Dr
Canfield OH 44406

**Avinash Tiwari**
627 NE 15th Ave
Fort Lauderdale, FL 33304