UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                                          Case No.: 16-26113-RBR
                                                                                                Chapter 7
ENDLESS JEWELRY NORTH AND
SOUTH AMERICA, LLC,

     Debtor.
_____/

**TRUSTEE'S MOTION FOR AUTHORITY TO PAY IRS PRIORITY CLAIM**

Marc P. Barmat (the "**Trustee**"), Chapter 7 trustee for the bankruptcy estate of Endless Jewelry North and South America, LLC, pursuant to § 105(a) of the Bankruptcy Code[1], by and through undersigned counsel, moves this Court for authority to pay the priority claim of the Internal Revenue Service ("**IRS**"), and states as follows:

    1.    On August 23, 2017, the IRS timely filed Proof of Claim 30-3[2] in the total amount of $24,997.43.

    2.    $19,812.84 of the $24,997.43 is Federal Insurance Contributions Act ("**FICA**") taxes entitled to priority status under § 507(a)(8)[3] of the Bankruptcy Code (the "**IRS Priority Claim**").

---

[1] 11 U.S.C. §§ 101, *et seq*.
[2] Amending Proof of Claim 30-2, filed on July 11, 2017, which amended Proof of Claim 30-1 filed on March 13, 2017.
[3] "The following expenses and claims have priority in the following order - Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for … (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity; (D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (4) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition. 11 U.S.C. § 507(a)(8)(C) and (D).

3. The Trustee is seeking authority to pay the IRS Priority Claim from the current funds on hand[4] in the bankruptcy estate to resolve, in part, the objection of Howard Clarke[5], filed at ECF No. 187 (the "**Clarke Objection**"), to the *Motion to Compromise Controversy with Former Directors, Officers, Managers, Control Person and Employees of the Debtor, in addition to Motion for Payment of Earned 40% Contingency Fee to Trustee's Special Litigation Counsel and General Counsel* [ECF No. 191] (the "**Motion to Compromise**").

4. The Clarke Objection was filed before the Trustee filed the Motion to Compromise and since filing the Clarke Objection, Mr. Clarke has reversed course and executed the Settlement Agreement attached to the Motion to Compromise. *See* Exhibit A to Motion to Compromise. However, the Trustee still believes it is prudent, equitable, and non-prejudicial to all other interested parties to pay the priority portion of the IRS Claim.

5. Section 105(a) gives this Court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," 11 U.S.C. § 105(a), "codif[ying] the established law that a bankruptcy court 'applies the principles and rules of equity jurisprudence.'" *In re Seaside Engineering & Surveying, Inc.* 780 F.3d 1070,1078 (11th Cir. 2015).

6. The Trustee requests that the Court grant him authority to pay the IRS Priority Claim in-full from the current funds on-hand in the estate. Payment of the IRS Priority Claim will not negatively impact any other administrative, priority, or general unsecured claims.

**WHEREFORE**, the Trustee, Marc P. Barmat, respectfully requests that this Honorable Court enter an order, substantial in the form of the order attached as **Exhibit "A"**: (i) granting this Motion; (ii) authorizing the Trustee to pay the IRS Priority Claim of $19,812.84 from the current

---

[4] The Trustee currently has $201,206.47 of funds on hand.
[5] Even though Mr. Clarke is not a creditor in this case and may not have standing.

funds on-hand in the estate; and (iii) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 10th day of August 2018.

                                              FURR COHEN
*Attorneys for Trustee*
2255 Glades Rd., Ste. 337W
Boca Raton, Florida 33431
Phone: (561) 395-0500
Fax: (561) 338-7532

By: /s/ Jason S. Rigoli
      Jason S. Rigoli, Esq.
      Florida Bar. No. 91990
      E-mail: jrigoli@furrcohen.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                Case No.: 16-26113-RBR
                                                                              Chapter 7
ENDLESS JEWELRY NORTH AND
SOUTH AMERICA, LLC,

    Debtor.
_____/

**ORDER GRANTING TRUSTEE'S MOTION
FOR AUTHORITY TO PAY IRS PRIORITY CLAIM**

THIS MATTER came before the Court for a hearing on _____, 2018 at ____ a.m., in Fort Lauderdale, Florida, upon the *Trustee's Motion for Authority to Pay IRS Priority Claim* [ECF No. __] (the "Motion"), filed by the Trustee, Marc P. Barmat.  The Court has reviewed the Motion and the record in this case, heard the arguments of counsel, and finds that the reasons set forth in the Motion and articulated on the record the relief is warranted.  Accordingly, it is hereby

**ORDERED and ADJUDGED that:**

    1.    The Motion is **GRANTED**.

**EXHIBIT A**

2. The Trustee is authorized to pay the IRS its priority claim of $19,812.84 from the funds currently on hand in the Bankruptcy Estate upon this order becoming final and non-appealable.

###

**Submitted by:**

Jason S. Rigoli, Esq.
Furr Cohen
*Attorneys for the Trustee*
2255 Glades Road, Suite 301E
Boca Raton, FL 33431
561.395.0500/ Fax: 561.338.7532
jrigoli@furrcohen.com

*Attorney, Jason S. Rigoli, is directed to serve a conformed copy of this Order and file a certificate of service with the Court.*